STATE, EX REL. JACKSON, RELATOR-APPELLEE, *v.* BOARD OF ELECTIONS OF CUYAHOGA COUNTY ET, RESPONDENTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25747. Decided September 22, 1961.

■

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd* and *Mr. S. Burns Weston* and *Mr. Richard L. Gunn,* for relator-appellee.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John L. Dowling,* assistant prosecuting attorney, for respondents-appellants.

(DOYLE, J., of the Ninth District, sitting in place of HURD, J.)

■

*Per Curiam.* This is an appeal on questions of law from a judgment entered in the Court of Common Pleas of Cuyahoga County, the action therein being one in mandamus.

As shown by the journal entry, the Court of Common Pleas issued what was in effect an order in mandamus in that the court directed the Board of Elections to return to the Relator the purported nominating papers filed by him with said Board on July 10, 1961, along with other papers tendered by him on July 21, 1961, to correct obvious errors with respect to the

original petition. The court further directed the Board of Elections to accept the filing of a new nominating petition, also tendered to said Board with the necessary fee on July 21, 1961.

The court also found, as set forth in the journal entry, that the demurrer filed to the petition in mandamus by the Respondent Board of Elections was "sound" but regardless of such finding, issued the order which, in effect, was an order in mandamus, having decided so to do on equitable grounds.

In the examination of the petition in mandamus that was filed in this case, we find a good cause in mandamus stated and, as a consequence, hold that the court's statement in the journal entry to the effect that the demurrer to the petition in mandamus was well taken, was erroneous. We also hold that the issuing of the mentioned order on equitable grounds was likewise erroneous.

We are not favored with a bill of exceptions. The trial court in its journal entry states that it undertook to make final disposition of the whole matter on the "agreed facts" and the "issues involved."

This court, therefore, modifies the judgment in review by doing that which the trial court should have done and overrules the demurrer filed to the petition and affirms the order directed to the Board of Elections.

Upon a careful consideration of the entire record, this court certifies that in its opinion substantial justice has been done the party complaining.

As was stated by the Supreme Court in the case of *State, ex rel. McGowan,* v. *Board,* 157 Ohio St., 428, at page 434:

"The duty of the election board is to see to it that only those who are privileged by law to vote are permitted to exercise that sovereign right. It is equally their duty not to deprive one who is by the Constitution and laws of the United States and State of Ohio an elector of the right to vote or run for public office."

A journal entry will be prepared not inconsistent with this opinion.

KOVACHY, P. J., SKEEL and DOYLE, JJ., concur.